No. 24,084.

SAM H. ELLIOTT, L. L. HIATT, and L. W. SIDWELL, partners as S-H-E Petroleum Company, *Appellees*, v. J. W. CRAIG, *Appellant*.

### SYLLABUS BY THE COURT.

SPECIFIC PERFORMANCE—*Contract to Purchase Oil and Gas Lease—No Fraud Shown.* One who enters into a written contract for the purchase of an oil and gas lease cannot defeat its enforcement by showing that he relied upon a false statement that a well on an adjoining tract was already producing oil in commercial quantities, where the contract provided that payment was to be made whenever that well reached a depth of 2,900 feet unless oil was found in commercial quantities at a lesser depth.

Appeal from Cowley district court; OLIVER P. FULLER, judge. Opinion filed January 6, 1923. Affirmed.

*T. A. Noftzger, George W. Cox, W. R. Glass,* all of Wichita, and *H. W. Herrick,* of Winfield, for the appellant.

*W. P. Hackney,* and *L. D. Moore,* both of Winfield, for the appellees.

The opinion of the court was delivered by

MASON, J.: A partnership known as the S-H-E Petroleum Company, owning an oil and gas lease on a quarter section, entered into a written contract with J. W. Craig for the purchase by him of their rights in the south half thereof for $11,200. This action was brought by the company against Craig for the specific performance of the contract. The defendant pleaded that he was induced to execute it by false representations. A demurrer to his evidence was sustained, and he appeals.

The defendant testified that in the course of the negotiations leading up to the contract the plaintiffs, referring to a well which they were drilling on the north half of the quarter section, said to him: "We have got a commercial well if we don't go an inch deeper, but we are going on down and see if we can find more oil"; that one of

them said "they were somewhere around 2,800 feet and they would go down until they found a better well"; that he believed these statements and relied upon them. The plaintiffs' evidence showed that at the time of the contract the well referred to had reached 2,858 feet and later was drilled to a depth of 3,200; that it was not considered paying and was plugged.

This evidence taken alone was sufficient to present the issue of fraud and would have carried the defendant's case past the demurrer except for the fact that the written contract provided that the purchase price in excess of a cash payment of $1,000 should be paid "upon completion of well now drilling on this quarter section to a depth of 2,900 feet unless oil is found in commercial quantities at a lesser depth."

With the written contract in effect providing that nine-tenths of the purchase price should be payable when oil should be found in commercial quantities in the well then drilling (or when the well reached a depth of 2,900 feet), we do not think the defendant should be heard to say that he was led to sign it by the belief, induced by the statement of the plaintiffs, that the well was already a commercial one. He cannot say that with effect because he must have known the contents of the contract, no claim being made to the contrary even if one could be asserted, and in our judgment the provision referred to is entirely inconsistent with the existence of a commercial well at the time of its execution. Knowing the fact, he cannot recover because of a misstatement concerning it. (26 C. J. 1136.)

There was also evidence of a representation that there was 150 feet of oil in the hole, but no one testified that this was untrue. Other misrepresentations alleged were not supported by the evidence.

The defendant asserts that error was committed in the refusal to impanel a jury, but if so it was nonprejudicial, inasmuch as in the view we take there was nothing to submit to one.

The judgment is affirmed.